119-1459-WC The Final Call, Inc. Appellant v. The Workers' Compensation Commission Kenneth Wright, Appellee. Okay, counsel's ready. Yes, sir. Mr. Powering may proceed. Thank you. May it please the court, counsel. My name is Burvey Power. I'm the attorney for The Final Call, who is the appellant here. I would like to open my argument by making an admission. And that admission is, though I have filed many appeals previous to this one and since this one, this was my first case that was ever remanded. And so I'm saying that because I've made some mistakes in the process of refiling the appeal and throughout the whole process. And so that's what has added to the colorful history of this case. So I'm saying that as a background. The colorful history. Can we ask you a special question? Certainly. Where in the record did the circuit court enter an order reinstating its decision of non-protunct order? That only happened at the non-protunct order, which was August 23, 2018. It did not happen before then. That is not what the court did on August the 23rd, 2018. I have the order in front of me. The court entered an order saying it reinstated the order. So the question now is what's our jurisdiction to hear this case if the court has never reinstated its order confirming the decision of the commission? Well, therein is also the crux of the arguments, which is there is no judgment that there is no judgment of the commission that reaffirms its decision. It's affirming of the workers' compensation decision. Candidly. In which case we have no jurisdiction to hear your appeal. Well, I can appreciate that. And that's also the crux of our argument, which is the police have argued that the August 23rd, 2018 order was final and appealable. In fact, about it. And we argued that it wasn't. And quite honestly, opposing counsel looked at the order, the circuit court signed the order, and the order does in fact reaffirm the decision. But I can accept that the court is presenting now that that does not constitute a judgment in the case. Would you now be conceding that we do not have jurisdiction to entertain this appeal? I would say this. I was under the impression that that order was a reaffirming of the decision pursuant to the remand. I was under that impression and opposing counsels, I believe, are under the same impression. Well, then all three of you ought to take a look at the order and see what it says. If that order to is deficient, then this court obviously would not have jurisdiction. But I could stand to be corrected on that point. Maybe opposing counsel has another argument perspective on the order from that who drafted disorder. I wrote it and opposing counsels reviewed it before it was submitted to the court. So I wrote it as in my handwriting, but all three of us, I would say we collaborated on the language. I drafted it. They reviewed it. We submitted it. But if we're all mistaken, then this court would not have jurisdiction. Well, we haven't heard from the other attorneys yet, so we'll see what they have to say. Are you resting your argument at this point? I'll yield now for sure. And then if by chance there's a need to add a rebuttal, I will. Oh, but you would have a rebuttal depending on the opposing counsel. I understand that there's a split in time with opposing counsel and I believe Mr. Cooper, am I incorrect, wishes to proceed now? Is that correct, Ms. Lebrecht? Or do I have you out of order? Who wants to go first? Oh, I see lips moving, but I hear no sound. Ms. Lebrecht, your audio. I'm sorry about that. I was muted. I thought Mr. Ortiz was going to go first, but I don't see him on the screen. I don't either. Who do you represent, Ms. Lebrecht? He's coming back on now. Okay, Mr. Ortiz, is that how we're splitting the time now? You wish to go now? I'm sorry, I just came back on right now. Just let me back on. I missed the whatever was being discussed before this. The jurisdiction is being discussed, which is a threshold issue. Ms. Lebrecht go first if you didn't even hear the epilogue's argument. Yeah, I literally just let me back on right now. Okay, we'll let Ms. Lebrecht go first. My apologies. Okay, Ms. Lebrecht, let's go. Let's proceed. Okay, well, we did notice the irregularity in the decision and on footnote three on page seven of our brief, we noted that the decision should have said that the court was reinstating its own earlier judgment affirming the commission's decision. We thought that the court could sufficiently tell what was meant to establish jurisdiction. Well, I mean, we entered an order telling him if they were able to prove that it was served in time that he was to reinstate his decision confirming the commission. There is no order reinstating his decision confirming the commission. He somehow reinstated the commission's decision, which had never been vacated. So, I mean, I don't know how much clearer we could have been with our last decision. No, it was it was sufficiently clear. So in the event that he didn't follow our mandate and didn't reinstate his decision confirming the commission, we're back to the question we asked your opponent, where's our jurisdiction? Well, we thought he did do that, but just made a clerical error in the form of the order. That's no clerical error. It says what it says. This isn't a misspelling or in the absence of a word. That's true, but they couldn't have reinstated the commission's decision because, as your honor said, it wasn't vacated. Well, and so order is a meaningless piece of nonsense. And if that's the case, we don't have any jurisdiction. And am I given to believe three lawyers looked at this and a judge looked at this and no one could figure it out? I mean, I it befuddles me how this could have happened. Uh, Miss Labreck, do you have anything to add? I don't know what else to say to that. Okay, Mr. Ortiz, did you all understand the gist of the problem? May it please the court, your honor? I mean, it seems like I missed a lot. I don't know what what occurred before, but based on the context of the interchange that I have been part of, it appears that maybe the appellate court doesn't have jurisdiction. Maybe it didn't. The initial order was not vacated, as your honor was previously stating at this juncture, then if that is the case, then this second appeal should be dismissed and then the commission's decision should stand. I think if there is an argument to be made that there was, if any, a clerical error here, I respectfully disagree with your honor regarding that because it wasn't a judicial omission that was added. It wasn't something that the judge in the circuit court, Judge McGee had to simply just invent. It was part of the original opinion that this court had handed down and that language that was failed to be included in that order was simply re-added afterward in the Lung Pro Tung order. But assuming that this court does have jurisdiction, then our argument would stand that it's a clerical order and that the following appeal was not timely. But again, I'm a little taken aback because I didn't realize that this was being discussed. But if that's the case, then I believe that this court should dismiss the appeal. And then if there's any function of reinstating the commission's decision, if it needs to be, then that would be what we would ask for. Let's get something straight so that we don't wind up doing this again. If we find no jurisdiction, this case has to go back to the circuit court. And the circuit court's got to enter an order in accordance with our mandate. I take it the circuit court found that it had jurisdiction. And as soon as it reinstates its original order confirming the decision, it's from that point that the notice of appeal time runs, not from any nonsense of Lung Pro Tung or any of the rest of it. It's from the time he enters the final order. So that we'd only have you coming back here arguing silliness that there was no jurisdiction to hear an appeal if a final order is entered. Your Honor, if I may, I think that our final order was entered in July of 2019. There was no final order was entered in July of 2019 because the trial court never reinstated its original order. We vacated it. And we told him that if he found that he had jurisdiction to reinstate his order. And once he reinstates his order at some point in time, the appeal time will compensate running. That'd be the date of the final order. We vacated the last. Mr. Power, any reply? Not none at all. Okay, very good. Thank you, counsel. This matter will take an order of advisement or written disposition shall issue.